IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID V. BARNARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    CIVIL NO. 04-023-JPG |
| | ) |
| **ILLINOIS STATE;** | ) |
| **DIVISION of MENTAL HEALTH &** | ) |
| **HUMAN SERVICES;** | ) |
| **CAROL ADAMS and BRIAN THOMAS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently detained in the Chester Mental Health facility, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  *See also* 28 U.S.C. § 1915(e)(2).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its

authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The amended complaint (Doc. 9) begins with a rambling chronology of events related to Plaintiff's current detention. However, the fact of his detention does not seem to be the subject of this case. Rather, as gleaned from his prayer for relief, Plaintiff seeks unfettered access to his typewriter, as well as the return of some other personal property, including two boxes of Lipton® tea.

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: June 13, 2005**

                                         **s/ J. Phil Gilbert**
                                         **U. S. District Judge**